**Noah GILBERT, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 17, 1958.

Ollie James Cockrell, Jackson, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellant, Noah Gilbert, submits as grounds for a reversal of his conviction of striking and wounding with intent to kill French Terry, with two years in prison as a penalty, that the verdict is flagrantly against the evidence and error in overruling his motion for a new trial based upon newly discovered evidence.

The indictment charges the accused with using "a rock, a deadly weapon." Other than insisting he struck Terry in self-defense, the appellant contends the evidence shows that as a fact he struck the man only with his fist.

French Terry, 68 years old, testified that in the afternoon of August 8, 1956, while he was walking along the road to his home, the defendant, Gilbert, a younger man, drove up behind him, jumped out of his car and said, "You have got a good beating coming and I'm going to give it to you." He told Gilbert he was trying to get home. Gilbert responded, "If you draw a knife or hurt me in any way, I will cut your God damn guts out." Gilbert then picked up a rock and struck the witness on the face, neck and back, causing considerable bruises and abrasions. The witness had picked up the rock which Gilbert had been hitting him with and produced it on the trial. Lonnie Combs, introduced by the Commonwealth, came along and saw the men fighting and stopped momentarily. Gilbert was striking Terry with his fist. The witness could not

tell whether he had a rock in his hand at the time, but later Gilbert picked up a rock and started to hit Terry but did not. Charles Caudill came along in his car and picked up Terry, who was walking towards his home, and Terry had a rock in his hand.

On the other side of the case, the defendant's story was that Terry came out into the road from the weeds on the side and flagged down his car. He got out and Terry shoved him and asked him why he had stopped. Then, said the witness, "We went into a bender." He defined a "bender" as being a fistfight. When Terry saw "I was getting the best of him," he ran toward and into the corner of a truck that had driven up. He then stepped back and pulled out his knife and came at the witness, and it was then that the defendant picked up the rock. He swore he never struck the man with the rock and that the rock which Terry had filed in evidence was not the one he had picked up but did not use. The defendant insisted Terry struck the first blow.

The defendant's eighteen year old son fully corroborated his father. Robin Herald, who had driven up in a truck, testified that he saw the men fighting, and so far as he could see they were using their fists. Two men who had seen Terry on his way home testified he did not have any rock, as he claimed he had taken with him from the scene, although the witnesses admitted he might have had one in his pocket.

■ While the defendant produced corroborative evidence that he had not assaulted the victim with a rock, there is ample evidence to support the verdict.

To sustain his motion for a new trial, the defendant filed affidavits of himself and attorney that they had used due diligence in preparing the case but had not known that William Terry or his wife knew anything about the affray. William Terry's affidavit recites that he was a state highway engineer and had come upon the victim, French Terry, at the scene of the action looking for his glasses. He stopped and asked Terry what was the matter, and he told the affiant, in material part, that he and Noah Gilbert had had a fight and that Gilbert had hit him two or three times in the face with his fist. He helped Terry look for his glasses, and the only mark he could see was a skinned place on his nose. French Terry did not say anything about the defendant having hit him with a rock. Mrs. Wanda Terry, his wife, deposed the same thing. After the trial, the proposed witness, William Terry, had gone to the jail and told the defendant about what he had seen and heard.

■ In applying for a new trial in a criminal case the defendant must rebut the presumption that the verdict is correct and and show that additional or newly discovered evidence relied upon to justify another trial is of such decisive or conclusive nature that it would, with reasonable certainty, have changed the verdict or that it would probably change the result if a new trial should be granted. As a general rule, a new trial should not be granted on this ground if the newly discovered evidence is merely cumulative in character. However, there is an exception. Although the additional evidence be of the same kind or tend to prove the same facts as did testimony which was admitted on the trial, yet if its probative effect appears so strong as to induce the judicial belief that it would probably produce a different verdict on retrial, the new trial should be granted. Johnson v. Commonwealth, 188 Ky. 391, 222 S.W. 106; Shepherd v. Commonwealth, 267 Ky. 195, 101 S.W.2d 918. The appellant submits this as applicable to his case. Since the new evidence merely tended to add to the contradiction of the victim's story and, therefore, was cumulative, we do not regard it of the character or force defined as clearly requiring another trial. We conclude the trial court properly overruled the motion for a new trial.

The judgment is affirmed.