Archie **FERGUSON**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1963.

Rehearing Denied Jan. 24, 1964.

John Y. Brown, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., Frankfort, Paul Mansfield, Commonwealth's Atty., Lexington, for appellee.

WADDILL, Commissioner.

Archie Ferguson killed Carl Howard during a fight between them. By an indictment he was accused of wilful murder and upon his trial was found guilty of voluntary manslaughter and sentenced to confinement in the state penitentiary for a term of 12 years. On this appeal he contends that: (1) The verdict is flagrantly against the evidence; (2) the trial court abused its discretion by refusing to grant him a new trial on the ground of newly discovered evidence; (3) the trial court permitted the jury to consider incompetent and prejudicial evidence.

During the evening of April 8, 1962, appellant's niece, Joan Ward, was cursed by three men, one of whom was Charles Howard, as she was walking alone on a street in the City of Lexington. Appellant was informed about this and, after he had instruct-

ed his niece to obtain a warrant for the arrest of the men who had annoyed her, he left his home, accompanied by several of his friends, to look for Howard. When appellant reached the east side of Maxwell Street he saw Howard on the west side of the street and shouted for Howard to wait, that he wanted to find out why he had cursed his niece. Thereupon Howard came across the street, lunged at appellant and struck him on the head with a bottle and then grabbed appellant around his waist in a manner similar to a bear-hug. When Howard temporarily released his hold on appellant, the latter drew a knife from a scabbard attached to his belt. During their further encounter Howard sustained severe cuts described as stab wounds in his chest and on his hip and on the back part of his neck. The stab wound in the chest penetrated his heart and caused his death.

Appellant testified that he did not raise the knife to a position which would have permitted him to stab Howard. However, a policeman testified that he saw appellant standing over Howard's body holding a knife in his upraised hand. There was also testimony that appellant was much larger than Howard and that the latter had been drinking wine throughout that day.

Appellant contends that the evidence conclusively makes out a case of self-defense; that this Court should so rule as a matter of law and reverse the judgment as being flagrantly against the evidence. To sustain the conviction it is urged that there is ample evidence which negates the testimony to the effect that appellant killed Howard in self-defense.

In Lee v. Commonwealth, Ky., 329 S.W.2d 57, where the contention was made that the accused was entitled to a directed verdict of acquittal, we stated: "The rule is that even though a defendant who is the only eyewitness to a killing makes out a case of self-defense, the trial court may properly refuse to instruct peremptorily to find a verdict for the defendant where some of the physical facts and other testimony contradict the defendant's testimony and cast some doubt upon the accuracy and truthfulness of it." In the instant case, we believe that the severity and location of Howard's wounds, which show that they were inflicted with great force, and the testimony of the policeman which also tends to contradict appellant's testimony that he did not stab Howard, when considered in light of the other evidence in the case, justified the submission of the case to the jury under the above stated rule. We also find the evidence supports the voluntary manslaughter conviction.

Appellant contends that the trial judge should have granted him a new trial on the ground of newly discovered evidence. This evidence consisted of an affidavit of Barbara Master which, in substance, stated that some of the wounds found on Carl Howard's body had been inflicted during two fights that had occurred prior to the one with the appellant. The probative value of this affidavit is substantially affected by the affidavit of the Fayette County Coroner which stated that all of the wounds found on Howard's body were inflicted at approximately the same time.

Assuming that the newly discovered evidence would be competent evidence on another trial of this case, a question we do not decide, we do not believe it is of such decisive value or force that it would, with reasonable certainty, have changed the verdict or that it would probably change the result if a new trial should be granted. See Gilbert v. Commonwealth, Ky., 317 S.W.2d 175. Hence, we are not persuaded that the trial judge abused his discretion.

It is further contended that the jury was permitted to consider incompetent and prejudicial testimony. We cannot review this alleged error because no objection was timely made and therefore it must be considered waived. Bowling v. Commonwealth, Ky., 279 S.W.2d 238; See also, RCr 9.22.

The judgment is affirmed.