**Jason MOORE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 5, 1964.

Jason Moore, pro se.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

Jason Moore has filed a motion to vacate his 1936 conviction as a habitual criminal, asserting among other things that he was not represented by or had the advice of counsel when he pleaded guilty to a charge of storehouse breaking (maximum penalty of five years) which resulted in his being sentenced to life imprisonment as a habitual criminal since the indictment charging him with storehouse breaking also recited that he had previously twice been convicted of felonies in the State of Tennessee.

No hearing was had on his motion and all we have before us is a copy of the clerk's record of his conviction with no statement therein which discloses whether he had the advice of counsel at the time so that he might have appreciated the import of his plea of guilty. The trial court merely overruled the motion and Moore appealed.

■■ Since the 1963 decision of the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, adequate counsel has become a necessary ingredient of state criminal trials in felony cases. (See, also, McIntosh v. Commonwealth, Ky., 368 S.W.2d 331.) Our RCr 11.42 sets forth the procedure to be followed by our trial courts in dealing with motions such as that presented in this case, so the order overruling the motion is set aside and the case remanded for a hearing on the motion, for the appointment of adequate counsel for the appellant if he is unable to employ counsel, for "findings determinative of the material issues of fact" and a final order accordingly.

The order denying the motion to vacate the judgment of conviction is set aside and the case remanded for proceedings as heretofore indicated.