Thomas Walker OAKES, Petitioner,

v.

W. R. GENTRY, Larue Circuit Judge, Respondent.

Court of Appeals of Kentucky.

June 19, 1964.

Thomas Walker Oakes, pro se.

Shelby M. Howard, Hodgenville, for respondent.

Stewart, Judge.

Petitioner, Thomas Walker Oakes, was convicted of storehouse breaking in Larue Circuit Court and sentenced to two years' imprisonment. He filed a notice of appeal, but never appealed. Eight months later, he began asking the circuit court for copies of the record. He claims he has never received them, and asks for a writ of mandamus, directing the Honorable W. R. Gentry, judge of the Larue Circuit Court, "to furnish him with the records as soon as possible, and to furnish him with any and all other information pertinent and available * * *."

Judge Gentry responded that every request by Oakes has already been complied with in every possible manner. He includes a copy of an order on motion to vacate judgment in this case, entered February 3, 1963, which states:

"* * * The movant demands a transcript of the evidence as well as the other records in his case. In disposing of motion the court had a transcript of the various papers, orders, instructions to the jury prepared, but not the evidence as it was not reported."

■ Following a conviction, a defendant's only legitimate use for a record of the proceedings in a criminal case is for the purpose of a judicial review. An indigent person's right to a record upon that ground was established in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

■ However, unless the person demanding a record at public expense shows that (1) he is an indigent; that (2) he has taken the timely steps (furnishing the relevant dates and the pertinent details) necessary to preserve his right of appeal; and that (3) he has made an appropriate demand upon the proper official for a record and it has been refused, he is not entitled to mandamus to compel the judge of the court in which he was convicted to see to it that he is furnished a record.

In proceeding under RCr 11.42, a prisoner is not entitled to a record before or at the time he makes his initial move under that Rule because the hearing thereon will be had in the circuit court in which he was convicted and the record will be presumed to be in the circuit clerk's office of that court. When counsel has been appointed or otherwise appears, he may take action to obtain the appropriate record if it is necessary.

■ It seems clear a petitioner who seeks relief before this Court, or in any circuit court, must specify with particularity a ground or grounds in support of his claim that some substantial right of his has been violated. Petitioner has alleged no ground whatsoever that would entitle him to be supplied with the record out of which his conviction grew.

■ A proceeding before this Court or a motion made pursuant to RCr 11.42, reciting in general terms the violation of a constitutional or statutory right, or the want of jurisdiction in the trial court, does not present anything for determination, and the giving of any consideration to such a matter would simply waste the time of the court it is brought before and any attorney representing the Commonwealth therein.

Therefore, when a proceeding or motion in circuit court or in this Court in a criminal case fails to state a specific ground which on its face would entitle the petitioner or movant to relief, or substantially fails to conform to the procedure outlined above, the proceeding may be dismissed and the motion may be overruled.

Wherefore, the petition is dismissed.