**James E. JENNINGS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 26, 1964.

James E. Jennings, pro se.

Robert F. Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., for defendant in error.

PALMORE, Judge.

James E. Jennings, who is serving an 18-year sentence in the penitentiary pursuant to conviction on a homicide charge, appeals from an order of the McCracken Circuit Court overruling his motion to vacate the sentence.

Appellant was tried and convicted at the February, 1961, term of the McCracken Circuit Court. His motion to vacate was filed in January of 1964. Though purporting to be made under RCr 11.42, the motion states as its principal ground newly discovered evidence. The authority for a motion on this ground is RCr 10.06.

The basis for the motion is an affidavit by Keith Ayers, one of the prosecuting witnesses, stating that his testimony was hearsay, given under pressure of a threat by the Commonwealth's Attorney that if he, Ayers, did not so testify the Commonwealth would seek the death penalty for appellant, his uncle;[1] that the affiant knew no actual facts of the case except what he had heard; and that he was "tricked" into giving testimony by being led to believe he was helping the appellant. All of this was countered by an affidavit of the Commonwealth's Attorney, and on the basis of the motion, response, and respective affidavits, together with a review of the trial transcript, the circuit court denied relief.

The affidavit of Ayers[2] does not state in what respects his testimony was based on hearsay. The findings of fact of the circuit court recite that there was no testimony given by him at the trial "which could in any way have been interpreted as being hearsay evidence, and that the questions which said affiant was asked at the trial which might have been and which were indicated to be hearsay evidence were objected to and the objections were sustained. As indicated in his testimony, Keith Ayers was not present at the time of the altercation between the defendant * * * and the deceased father of Keith Ayers, and Keith Ayers testified that he knew nothing about the events which occurred on the night the injuries were inflicted which caused the death of his father. The only testimony which could be interpreted as hearsay was testimony which was elicited from said affiant on cross-examination by the defendant's own attorney, which testimony was for the benefit of the defense and was of no probative value whatsoever to the prosecution."

This court also has had occasion to review the trial transcript on Jennings' appeal from his conviction. Jennings v. Commonwealth, Ky., 349 S.W.2d 828 (1961). The evidence given by Keith Ayers was to the effect that when he came home later on in the evening after his father had been injured he observed his beaten and disheveled appearance. This testimony added little, if anything, to the very damaging evidence against Jennings that was given by Ayers' mother, the state's principal witness.

It is fundamental that in order for newly discovered evidence to support a motion for new trial it must be "of such

---

1. The person appellant was convicted of killing was his brother-in-law, father of the affiant Keith Ayers.

2. At the time of the affidavit Ayers was serving a term in the state reformatory at LaGrange. See Ayers v. Davis, Ky., 377 S.W.2d 154 (1964). He is now serving a federal sentence at Springfield, Mo.

decisive value or force that it would, with reasonable certainty, have changed the verdict or that it would probably change the result if a new trial should be granted." Ferguson v. Commonwealth, Ky., 373 S.W. 2d 729, 730 (1963). It would appear to be a converse of this proposition that if evidence not then known by the defendant to be false or incompetent was used against him, he has grounds for vacating the judgment only if there is at least a substantial possibilty that in the absence of such evidence the verdict would have been different.

■ In this case, even assuming the credibility of Ayers' affidavit, the possibility that in the absence of his testimony the verdict would have been different, or by reason of such absence would be different upon a new trial, is too remote to justify relief. Hence the trial court did not abuse its discretion in overruling the motion. RCr 10.06.

■ The motion states also that by virtue of the allegedly perjured testimony of Ayers appellant was deprived of the effective assistance of counsel. The denial of a constitutional right would, of course, call for relief under RCr 11.42. The motion must, however, state facts in support. To require hearings on the basis of vaporous allegations would visit on the trial courts an intolerable imposition which we cannot encourage or condone. Cf. Oakes v. Gentry, Ky., 380 S.W.2d 237 (decided June 19, 1964).

■ In his brief appellant says he was denied counsel in this proceeding. When a motion is of insufficient substance on its face to justify a hearing, we do not feel it incumbent on the court to provide counsel.

The order overruling the motion is affirmed.