Calvin T. BELL, Petitioner,

v.

W. R. GENTRY, Judge, LaRue Circuit Court, Respondent.

Court of Appeals of Kentucky.

June 26, 1964.

Calvin T. Bell, pro se.

Shelby M. Howard, Hodgenville, for respondent.

MOREMEN, Judge.

Petitioner, Calvin Bell, was convicted of being an habitual criminal and, on February 14, 1962, was sentenced to life imprisonment. On February 21, 1963, petitioner filed a petition for a transcript of record in the LaRue Circuit Court. On March 9, 1963, the court overruled the motion on the ground that more than one year had elapsed between the date of the conviction and the filing of the petition, and no appeal had been taken within the time prescribed by law. On June 21, 1963, petitioner filed a memorandum in support of motion to vacate judgment. The Court treated this as being a motion under RCr 11.42. On November 15, 1963, the LaRue Circuit Court entered a judgment which reads in part as follows:

"The court has painstakingly searched the record of this case and is unable to find any error in the proceedings which would entitle the defendant to have his judgment of conviction vacated, therefore all of his various pleadings are overruled except that it is ordered that he be furnished a transcript of all records involved in this matter by the Clerk of the LaRue Circuit Court as a pauper for the purpose of the defendant appealing the ruling of the court herein.

"It is ordered by the court that the Fiscal Court of LaRue County pay the Clerk his cost thereof as provided by law."

In the meantime, on October 24, 1963, petitioner filed a petition to compel the circuit court "for a ruling on his notice of appeal and to grant him leave to appeal the decision of overruling the motion to vacate judgment." The petition was dismissed by this Court on November 15, 1963.

The petitioner did not appeal from the final judgment the Court entered November 15, 1963, in the proceeding under RCr 11.42. On May 12, 1964, appellant filed in this Court a petition for a writ of mandamus in which he alleged, "Upon February 26, 1964, petitioner filed a motion to vacate judgment in the LaRue Circuit Court, claiming the judgment was erroneous, unauthorized, and not in accordance with the law," and stated that the LaRue Circuit Court had jurisdiction under RCr 11.42, but had refused to enter any kind of judgment on the plaintiff's motion.

In Oakes v. Gentry, LaRue Circuit Judge, Ky., 380 S.W.2d 237, decided June 19, this was said:

"A proceeding before this Court or a motion made pursuant to RCr 11.42, reciting in general terms the violation of a constitutional or statutory right, or the want of jurisdiction in the trial court, does not present anything for determination, and the giving of any consideration to such a matter would simply waste the time of the court it is brought before and any attorney representing the Commonwealth therein.

"Therefore, when a proceeding or motion in circuit court or in this Court in a criminal case fails to state a specific ground which on its face would entitle the petitioner or movant to relief, or substantially fails to conform to the procedure outlined above, the proceeding may be dismissed and the motion may be overruled."

The petition for mandamus is denied in the case at bar because (1) the Court did pass on the original proceeding under RCr 11.42, and (2) the petition in this Court does not comply with the holding above quoted.

Wherefore, the petition is dismissed.