**William R. KINMON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 16, 1964.

William R. Kinmon, pro se.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

William R. Kinmon, serving a life sentence in the penitentiary under a conviction of armed robbery, moved the trial court for a new trial (RCr 10.06) on the ground of newly discovered evidence and for vacation of his sentence (RCr 11.42) on the ground that he did not receive a fair trial because he was tried jointly with a codefendant, one Clyde Collier. The court overruled the motions without a hearing. Kinmon has appealed.

Two eyewitnesses testified on the trial that Kinmon and Collier committed the robbery. Collier testified that he was not at the scene. Kinmon did not testify but his wife attempted to establish an alibi for him. Kinmon's alleged newly discovered evidence consisted of an affidavit by Collier stating that he and a woman companion committed the robbery and that Kinmon did not participate in it.

Kinmon's and Collier's convictions were not based on Collier's testimony on the trial but were in spite of it. There is little reason to believe that a jury would give Collier's new story, that Kinmon was not there, any more credence than the jury on the trial gave his original story that he (Collier) was not there. The rule is that in order for newly discovered evidence to support a motion for new trial in a criminal case it must be of such decisive value or force that it would, with reasonable certainty, have changed the verdict or that it would probably change the result if a new trial should be granted. Jen-

nings v. Commonwealth, Ky., 380 S.W.2d 284; Ferguson v. Commonwealth, Ky., 373 S.W.2d 729. The evidence in the instant case falls far short of reaching that quality. The situation in Mullins v. Commonwealth, Ky., 375 S.W.2d 832 was entirely different, for there the witness who claimed to have perjured herself on the trial was a principal witness for the prosecution.

 Kinmon's claim that he was treated unfairly by being tried jointly with Collier has no merit. The affidavits submitted in support of this claim were by two persons who did not show that they were present at the trial or had any knowledge of what took place at the trial; they did not set forth any instance of unfairness but merely gave their opinion that "had he been tried separately the verdict would have been more just and proper." Kinmon himself does not point out any respect in which the joint trial was unfair. A defendant has no constitutional right to a separate trial, so even if there were a showing of some specific prejudice from being tried jointly there would have to be presented an extreme case of unfairness to warrant relief under RCr 11.42, which requires a showing of grounds that would subject the judgment to collateral attack.

In his brief on appeal Kinmon claims a right to relief on the grounds that the evidence on which he was convicted was obtained by an illegal search, that he had "incompetent counsel who failed to properly represent him," and that he "has been denied equal protection and due process of law." These grounds not having been presented in the motions below will not be considered here. Even if properly presented for consideration they would have to be classed as factually unsupported, vaporous allegations insufficient to require a hearing. See Jennings v. Commonwealth, Ky., 380 S.W.2d 284.

The order overruling the motions is affirmed.