William E. SIPPLE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 25, 1964.

William E. Sipple, pro se.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The appellant, William E. Sipple, a prisoner at the Kentucky State Reformatory, filed in the Kenton Circuit Court an RCr 11.42 motion to vacate the judgments pursuant to which he was committed. He appeals from an order overruling the motion on the record and without a hearing.

The first two paragraphs of the motion allege matters relating to several previous convictions on which the appellant's sentences have been completed. The apparent purpose of attacking the executed sentences is to clear his record as a prospective parolee.[1] However, RCr 11.42 does not provide, expressly or by implication, for the review of any judgment other than the one or ones pursuant to which the movant is being held in custody.

The third paragraph of the motion states that the movant is now serving on sentences totalling six years imposed pursuant to two felony convictions; that in response to each of the two indictments he appeared without counsel and was financially unable to employ counsel; that the trial court did not appoint counsel for him; and that in ignorance of his rights he pleaded guilty.

The Commonwealth's response was to the effect that by reason of the guilty

1. Whether, as a practical matter, such a result would be accomplished seems questionable. Invalidation of the former convictions would, of course, open the charges for new trial.

pleas "there was no necessity for the appointment of counsel to represent the interests of the defendant." That proposition is not correct. He was entitled to counsel, and unless he was advised or knew of that right and voluntarily waived it the convictions were void. Cf. Moore v. Commonwealth, Ky., 380 S.W.2d 76 (1964).

 The third paragraph of the motion stated grounds for relief entitling appellant to counsel and a hearing.

The cause is reversed for further proceedings consistent with this opinion.