**Charles LAWSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 5, 1965.

Charles Lawson, pro se.

Robert Matthews, Atty. Gen., Frank D. Berry, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

This appeal is from an order overruling appellant's motion to vacate a judgment convicting him of rape. RCr 11.42. The RCr 11.42 motion was overruled by the court without a formal hearing. The action of the trial court in so overruling the motion was proper because the motion,

on its face, did not present any showing that entitled appellant to relief. Oakes v. Gentry, Ky., 380 S.W.2d 237.

Appellant listed six purported grounds upon which he deemed himself entitled to relief pursuant to RCr 11.42. These so-called grounds are: (1) "The indictment * * * was false and without merits"; (2) no date or place of the commission of the crime was ever given; (3) the court's "jurisdiction * * * is void, due to violations of his substantial rights" in violation of § 11 of Kentucky Constitution, and the 6th and 14th amendments of U.S. Constitution; (4) the court failed to produce the prosecutrix in court to give sworn testimony; (5) no doctor's statement, or any other evidence was produced to show proof of the alleged offense; (6) the attorney appointed for appellant "showed prejudice, and incompetentiness (sic), when he failed to assist, or utter one word in defense of" appellant, "leaving him alone to defend himself, without being advised of his substantial rights."

It is at once apparent that the first five grounds listed are vaporous and without substance. Cf. Oakes v. Gentry, supra; Jennings v. Commonwealth, Ky., 380 S.W. 2d 284; Bell v. Gentry, Ky., 380 S.W.2d 259; Tipton v. Commonwealth, Ky., 376 S.W.2d 290.

The charge of inadequate counsel, if made with such particularity as to suggest substance, may become a valid basis for a hearing and relief under RCr 11.42. Moore v. Commonwealth, Ky., 380 S.W.2d 76. In the case before us the allegation is that counsel "failed to assist, or utter one word in defense" and that appellant was "left alone to defend himself, without being advised of his substantial rights." The record shows, however, that appellant entered a plea of guilty to the rape charge; he received sentence of imprisonment for ten years, the minimum sentence permitted under KRS 435.090. Appellant does not assert that counsel badgered him into entering a guilty plea, nor does he claim that he failed to understand the consequences of his guilty plea. Under these circumstances, the record shows on its face that no basis has been laid upon which to support the claim of inadequate counsel.

In passing, it is observed that the trial judge who presided at the rape trial and who overruled the RCr 11.42 motion (without a hearing) incorporated in the order a recitation that appellant's counsel at the rape trial had rendered effective assistance, resulting in a light sentence. Although this may well be quite true, we doubt the propriety of an *ex parte* finding based upon the independent recollection of the presiding judge, and we do not base our present holding upon that portion of the record.

The judgment is affirmed.