**Willard WILLOUGHBY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 30, 1966.

Willard Willoughby, pro se.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Willard Willoughby, presently a prisoner at Eddyville, appeals from the circuit court's order denying his RCr 11.42 motion to vacate the sentence which he is now serving as a prisoner. The offense for which he was convicted is rape; the punishment imposed following his plea of guilty was imprisonment for 15 years, pursuant to KRS 435.090. No evidentiary hearing was afforded on the RCr 11.42 motion.

The purported grounds for relief advanced by appellant may be summarized as follows: (1) that the 15 year sentence is contrary to the punishment permitted by the applicable statute; (2) movant was "* * * coerced into entering a plea to KRS 435.110 by Counsel (sic) with the understanding that he would receive no more than a five (5) year term, thus to later learn that he was sentenced to a fifteen (15) year term under KRS 435.090 unlawfully;" (3) movant has newly discovered evidence; and (4) movant was entitled to an evidentiary hearing.

■ The short answer to contention one is that KRS 435.090 does permit imprisonment of 15 years among its prescribed penalties.

■ The allegation that movant was "coerced" into entering his plea of guilty is nothing short of an unsupported conclusion. The movant has failed to state any affirmative action taken by his counsel which he would equate with coercion. In the presence of such a vaporous allegation the court is not required to afford an evidentiary hearing; Humphries v. Com., Ky., 397 S.W.2d 163; Lawson v. Com., Ky., 386 S.W.2d 734.

■ "Newly discovered evidence" as it may pertain to the issue of guilt is not a basis for relief under RCr 11.42. Roark v. Com., Ky., 404 S.W.2d 22.

The judgment is affirmed.