**James KING, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 23, 1966.

James King, pro se.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Upon his plea of guilty to a charge of obtaining money by false pretense (KRS 434.050) James King was sentenced to imprisonment for a term of 18 months. King made a motion to vacate that sentence (RCr 11.42) and the motion was

overruled without an evidentiary hearing. He appeals. We would be justified in dismissing the appeal for King's failure to file any brief in this court, but we are treating his motion to vacate, and the grounds asserted in it, as his brief in this tribunal. King asserted five grounds in his motion to vacate: (1) "Facts and evidence, does (sic) not charge a crime with felonious intent to defraude" (sic); (2) his retained counsel " * * * did not perform his duties, for which he was retained thus proving himself ineffective;" (3) "Through coercion, movant was badgered and enticed by his counsel, and the Commonwealth (sic) Attorney to enter guilty plea; (4) movant was never informed of the nature of the charge against him, "or the penalty thereto;" (5) "Movant states that he was returned from the State Penitentiary on February 17, 1965, taken directly before the Court to stand trial, without any time whatsoever to prepare his defense with counsel, other than the short period, when counsel and the commonwealth (sic) attorney, coerced, badgered and enticed movant to plead guilty, rather than stand trial."

█ The trial court correctly overruled the motion to vacate without affording an evidentiary hearing. "Grounds" for relief, as advanced by King, are so nebulous and vaporous as to be meaningless. In none of them does he make any factual averment—all of them consist of mere conclusions.

█ The first "ground" challenges the insufficiency of evidence. That is not a basis for relief under RCr 11.42, but if it were the plea of guilty precludes it here. Humphries v. Commonwealth, Ky., 397 S.W.2d 163.

As noted in Humphries and in Lawson v. Commonwealth, Ky., 386 S.W.2d 734,

the other allegations by the appellant were too vague to justify an evidentiary hearing.

The trial orders relating to appellant's conviction reflect that he was arraigned on August 13, 1964, at which time the nature of the charge against him was made known to him. At the arraignment appellant informed the court that he had his personally retained counsel. He appeared with the same counsel (an attorney well versed in the practice, especially including criminal law) on February 17, 1965, and entered his plea of guilty. The trial record shows that on March 11, 1965, appellant appeared before the trial judge for sentencing, and offered no reason why the judgment and sentence should not be pronounced against him when afforded an opportunity to do so.

█ In the face of the recitations of the trial court's record—standing unchallenged by the appellant—the naked averment of legal conclusions as to "coercion" and "badgering" do not suffice to present an issue for decision at a hearing.

Upon the authority of the cases cited, plus numerous others of like import, we hold that the trial court properly overruled appellant's motion to vacate. See Ringo v. Commonwealth, Ky., 391 S.W.2d 392; Oakes v. Gentry, Ky., 380 S.W.2d 237; Jennings v. Commonwealth, Ky., 380 S.W.2d 284; O'Malley v. United States, 285 F.2d 733 (6th Cir., 1961); United States v. Bradford, 238 F.2d 395 (2nd Cir., 1956), cert. den. 352 U.S. 1002, 77 S.Ct. 558, 1 L.Ed.2d 546; Burton v. Commonwealth, Ky., 394 S.W.2d 933; Willoughby v. Commonwealth, Ky., 406 S.W.2d 725; Williams v. Commonwealth, Ky., 405 S.W.2d 17; and decisions cited and discussed therein.

The judgment is affirmed.