**Nathaniel Frank PORTER and Wilmer Gene Rudy, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1968.

Rehearing Denied Jan. 31, 1969.

Allan Weiss and Manley N. Feinberg, Louisville, for appellants.

Robert Matthews, Atty. Gen., John Browning, Curren Clem, Asst. Attys. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Nathaniel Frank Porter and Wilmer Gene Rudy were sentenced in 1966 to life imprisonment upon a conviction of armed robbery. In July 1967 they filed a motion for a new trial on the ground of newly discovered evidence. After a full consideration of affidavits and other documents submitted in support of the motion the trial court entered an order overruling the motion. Porter and Rudy have appealed from that order.

The offense of which Porter and Rudy were convicted was the armed robbery of a man on a street of Louisville, alleged to have been committed by Rudy with Porter acting as driver of the get-away car. The victim was unable to identify his assailant. Identification of both Rudy and Porter was made by a city detective who was summoned to the scene of the attack, from a nearby barber shop where he was getting his hair cut, by a 15-year-old boy named Carter who had observed the attack. The detective said that as he arrived at the scene he saw Rudy (whom he recognized) getting up off the victim; Rudy ran down an alley with the detective in pursuit; he entered a waiting car at the end of the alley, and the car, occupied by a driver and perhaps another man, drove away. However the detective said he was able to recognize Porter as the driver of the car, and he obtained the license number. Later the license number was checked out and it proved to be the number of Porter's car.

Porter and Rudy denied any participation in the crime, both claiming an alibi. Porter said he had loaned his car that day to a man named Rushin.

The Carter boy testified that Rudy was not the man he had seen attacking the victim.

██ While there were some minor inconsistencies in the detective's testimony it was sufficient to sustain the convictions.

The alleged newly discovered evidence is that one John Williams committed the robbery, with Rushin as his get-away driver. Williams is an inmate of the LaGrange Reformatory, serving sentences totaling 16 years, including 10 years for assault with intent to rob. He started serving his sentences in the spring of 1967, some 11 months after Porter and Rudy began theirs. Shortly after entering the reformatory he sent word to Porter and Rudy that he was the man who had committed the robbery of which they had been convicted. Later Williams was questioned by counsel for Porter and Gray, accompanied by a minister and a legal aid representative who tendered his services to Williams, and Williams gave them a sworn statement that he had committed the robbery, with Rushin driving the car. He gave details which fitted the circumstances of the crime.

In a line-up, Williams was identified by the Carter boy as the man he had seen making the attack.

The appellants maintain that the newly discovered evidence in this case is sufficient to require that a new trial be granted under the rule that newly discovered evidence (not discoverable before trial by due diligence), in order to warrant a new trial, must be of such decisive value or force that it would, with reasonable certainty, have changed the verdict or that it would probably change the result if a new trial be granted. See Kinmon v. Commonwealth, Ky., 383 S.W.2d 338; Jennings v. Commonwealth, Ky., 380 S.W.2d 284; Ferguson v. Commonwealth, Ky., 373 S.W.2d 729. We are not persuaded.

As far as the identification by the Carter boy is concerned, it is not probable that a new jury would believe his testimony that Williams was the man he saw making the attack, when the previous jury would not believe his testimony that Rudy was not the man.

Williams is a convicted felon, serving a 16-year sentence. While he stated that he realized that he might receive the death sentence if tried for the crime here in question, it is not unreasonable to consider that he was fully aware of the fact that the enforcement of a death penalty these days is by no means swift or certain. So his lack of credibility arising from the fact that he is a convicted felon is not much compensated for by a truth-inducing fear of the death penalty.

There were some flaws in Williams' story. For one thing, he could not remember, even by way of an approximation, how much money he and his claimed accomplice took from the victim. When asked to state the amount his response was that the *newspapers* had reported it was $2,700. He sometimes referred to his accomplice as "Russin" and at other times as "Russell".

It must be assumed that the testimony of the detective would be the same on another trial. The issue would boil down to the credibility of his identification. We are not convinced that on a new trial the testimony of Williams would probably be accepted rather than that of the detective. Accordingly, it is our conclusion that the trial court did not err in denying a new trial.

The judgment is affirmed.

All concur.