Charles **JILLSON**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 19, 1970.

Rehearing Denied Jan. 29, 1971.

---

1. No contention is made that an arthritic condition was not a disease.

NEIKIRK, Judge.

Charles Jillson was found guilty of arson under KRS 433.010 and was sentenced to five years in the penitentiary. He appeals. We affirm.

Shortly after midnight on August 13, 1966, the dwelling house of Charles Jillson in Covington, Kentucky, was discovered to be on fire. Firemen were called and extinguished the blaze. The firemen found on the premises an empty can that had contained paint thinner, a highly inflammable substance, and a half-gallon milk bottle also containing inflammable fluid. The bottle was equipped with a wick that had burned. After returning to their quarters, the firemen were called again to the same address and discovered the house burning with more intensity than it was earlier. More inflammable fluid was found. The appellant arrived on the scene as the firemen were leaving the second time. He was requested to go to the firehouse. There, he protested ignorance of any wrongdoing and insisted that he had spent the night with in-laws in Newport, Kentucky. He denied at that time that he had any fire insurance on the house or its contents. Several days after the fire, Jillson reported that he had discovered in his toolbox a fire insurance policy on the house and its contents.

Appellant contends that the verdict is contrary to the evidence and that he was entitled to a directed verdict.

Appellant claimed that he was nowhere near his home when it burned. To bolster this position as to his whereabouts on the night of the fire, he introduced five witnesses, all relatives except one. All substantiated his claim of absence from his home at the time of the happening.

The Commonwealth introduced two eyewitnesses who stated that they saw the appellant around his dwelling on the night the house burned, some time before the first fire. Also introduced was a picture showing the articles possessing incendiary capabilities. The insurance policy was present-

Thomas A. Conroy, Cincinnati, Ohio, John C. Ryan, Frankfort, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

ed for consideration. Firemen testified that the amount of clothing and furniture in the house was meager. A car similar to the appellant's was seen leaving the scene of the burning building soon before the first fire was discovered.

We said in Mullins v. Commonwealth, 276 Ky. 555, 124 S.W.2d 788, and incorporated in Moore v. Commonwealth, Ky., 446 S.W.2d 271, 273:

"When the evidence, even though it be circumstantial, affords fair and reasonable ground upon which the verdict of a jury might be rested, the case should go to the jury. * * *"

■ We have repeatedly held that where there is a direct conflict in the evidence, then the weight of evidence and the credibility of the witnesses are functions peculiarly within the province of the jury, and the jury's determination will not be disturbed. Brown v. Commonwealth, 310 Ky. 306, 220 S.W.2d 870; Jones v. Commonwealth, Ky., 281 S.W.2d 920; Cissell v. Commonwealth, Ky., 419 S.W.2d 555.

■ The credibility of the witnesses in the instant case was a jury determination. There was substantial evidence, though circumstantial, sufficient to incriminate the accused and warrant his conviction. The appellant was not entitled to a directed verdict.

Appellant claims he was prejudiced because the Commonwealth attempted to show as a motive for the crime the collection of insurance. Appellant cites no cases to substantiate his claim.

■ It was proper to show that the appellant had fire insurance to prove the criminal intent and malice requisite in KRS 433.010.

In Wright v. Commonwealth, 221 Ky. 226, 298 S.W. 673, as to introducing motive as an element of crime, we said:

"It is true no motive is shown for the killing, but motive is not an essential element of crime. It may be proven to show that an act was willful, or that it was done with a criminal intent. * *"

■ It is pertinent to point out that willfulness is a requisite of the offense of arson.

■ Since it is possible to consider motive as tending to prove the requisite element of willfulness, we should consider whether it also tends to prove the element of malice. In order to be convicted of arson for burning one's own property, malice must be shown. "Malicious" means the doing of "a wrongful act by one person against another intentionally or with evil intent without just cause or excuse or as the result of ill will." Combs v. Commonwealth, Ky., 356 S.W.2d 761, 763.

In Combs v. Commonwealth, supra, we said:

"The question of whether an act was committed maliciously and feloniously is ordinarily one for the jury to determine in the light of all the surrounding facts and circumstances. * * *"

In Davidson v. Commonwealth, Ky., 340 S.W.2d 243, we said:

" * * * A wilful or evil purpose may be proved by either direct or circumstantial evidence, or such may be established by the very fact of the wrongful deed itself. However, it is within the province of the jury alone to determine whether the injurious act perpetrated was accomplished in a criminal manner. * * *"

■ Defrauding an insurance company is a wrongful act. In the instant case the policy of insurance was introduced to show intentional defrauding. Fraud was inferable from an intentional burning to injure the insurer. There certainly can be nothing wrong with showing a probable reason for the appellant's actions.

Appellant further claims that the trial court erred in refusing to grant him a new trial based on newly discovered evidence.

He refers to nine affidavits to substantiate this claim.

He admits that some of the affidavits are merely cumulative to each other and to the evidence produced at the trial. Cumulative evidence is not in itself sufficient to compel a new trial. Gilbert v. Commonwealth, Ky., 317 S.W.2d 175. The appellant failed to explain his lack of diligence in producing these nine witnesses to testify in his behalf at the trial. These witnesses were known to the appellant prior to the trial and were obtainable as witnesses.

It is a generally recognized rule that a new trial should not be granted to give an accused an opportunity to prove facts he knew existed but had negligently failed to offer at his trial. Hunter v. Commonwealth, Ky., 259 S.W.2d 74.

Not only did the appellant fail to show that diligence was exercised in obtaining this so-called newly discovered evidence prior to his trial, but he failed even to file an affidavit claiming diligence in attempting to discover the evidence. On the question of newly discovered evidence, diligence on the part of the appellant and his counsel must be shown by affidavit. Wheeler v. Commonwealth, Ky., 395 S.W. 2d 569. In any event, it cannot be said that the newly discovered evidence was of such decisive value and of such force that it would, with reasonable certainty, have changed the verdict or that it would probably change the result if a new trial should be granted. Kinmon v. Commonwealth, Ky., 383 S.W.2d 338; Coots v. Commonwealth, Ky., 418 S.W.2d 752.

Appellant cites Wheeler v. Commonwealth, Ky., 395 S.W.2d 569, in support of the proposition that the court should have considered the newly discovered evidence even in the absence of an affidavit by the appellant showing diligence on his part in obtaining the witnesses to testify in his behalf.

The trial court in the order denying the motion for a new trial pointed out that the trial court had considered all of the grounds in support of the motion, and the order indicates that the court did not rely entirely on the absence of an affidavit showing diligence but considered all of the grounds and considered the arguments made by counsel for the appellant on all the issues. The granting of a new trial is a matter of judicial discretion, and unless there has been an abuse of that discretion, we will not reverse. Vaughn v. Blackburn, Ky., 431 S.W.2d 887; McBride v. Moss, Ky., 437 S.W.2d 726. The order of the trial court in denying the motion for a new trial will not be disturbed.

The judgment is affirmed.

All concur.