Caleb NEWSOME, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 26, 1970.

Caleb Newsome, pro se.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD Judge.

Caleb Newsome was indicted on four felony charges and of being an habitual criminal. Initially he pleaded not guilty but after some "plea-bargaining" participated in by his counsel (Holcomb v. Com., Ky., 441 S.W.2d 140 (1969)), he entered pleas of guilty to reduced charges in each case. "By agreement of the parties, with the movant represented by counsel, the law and facts were submitted to the Court for fixing of penalty * * *". The penalty which he is now serving was fixed at that time.

In the present proceedings Newsome moved that the sentences be vacated for a number of reasons. RCr 11.42. Without granting an evidentiary hearing, but after the trial court had " * * * made a careful examination of the record * *." it denied the relief sought. Newsome appeals. We affirm.

■ An evidentiary hearing is not required when the issues presented may be fully considered by resort to the court record of the proceeding (Lawson v. Com., Ky., 386 S.W.2d 734 (1965)), or where the allegations are insufficient. Maye v. Com., Ky., 386 S.W.2d 731 (1965).

■ Newsome complains that he was not advised of his constitutional rights while confined and awaiting trial, that he had ineffective and inadequate assistance of counsel, and that there was insufficient evidence upon which he could have been convicted. We considered similar claims in Messer v. Com., Ky., 454 S.W.2d 694 (decided May 22, 1970), and held that the petitioner there was not entitled to the relief he demanded. We consider Messer dispositive of those claims here. Also see Benoit v. Com., Ky., 402 S.W.2d 706 (1966); Commonwealth v. Campbell, Ky., 415 S.W.2d 614 (1967) and Harris v. Com., Ky., 441 S.W.2d 143 (1969).

■ Newsome alleges that " * * * the Pike Circuit Court * * * by using the influence of 'trickery' (induced) appellant to enter a 'plea of guilty' * * * on the judgment and sentence he is now serving as a 'habitual criminal.' " First we note that he is not serving a sentence as an habitual criminal, and secondly he fails to allege any fact which he considers "trickery". The allegations are insufficient—he did not state the facts required by RCr 11.42. Commonwealth v. Miller, Ky., 416 S.W.2d 358 (1967).

■ Appellant complains that the indictments did not specify the number of the statute for the violation of which he was indicted. They did however specify the crimes. We said in Carter v. Com., Ky., 397 S.W.2d 165 (1965), "That the indictment may have been defective in form would not be ground for relief under RCr 11.42."

■ The charge that there was an "improper panel" of jurors is without basis. There was no jury—it was waived.

■ Lastly, Newsome complains that he had no counsel at sentencing. The court below found:

> "The record discloses that at all stages in the proceedings, except at the time of imposing sentence, the movant was represented by competent and experienced counsel. The record is silent as to whether or not movant's counsel was present at the time of the imposition of the sentence."

After Newsome had changed his plea to guilty he appeared with his counsel, and acting "upon recommendation of the Commonwealth Attorney and the court being sufficiently advised, the defendant's penalty (was) fixed at fifteen (15) years in the state reformatory at LaGrange, Kentucky." The defendant was then remanded to the custody of the jailer. When he was returned to court four days later the penalty had already been fixed and " * * * the allocution and pronouncement of sentence (was) more ceremony than substance." McIntosh v. Com., Ky., 368 S.W. 2d 331 (1963). Also see Collins v. Com., Ky., 433 S.W.2d 663 (1968). There remained for the court to determine only whether the sentences on the several charges should run consecutively or concurrently. It ordered that they run concurrently. Under these circumstances even if counsel was not present Newsome was not prejudiced. Smith v. Com., Ky., 412 S.W. 2d 256 (1967).

The judgment is affirmed.

All concur.