**Mae YATES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1971.

Roy L. Steers, Franklin, for appellant.

John B. Breckinridge, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Mae Yates was convicted in the Logan Circuit Court of cattle stealing. KRS 433.250. Her punishment was fixed at five years in the state penitentiary. She appeals. We affirm.

Appellant contends that: (1) The evidence presented was not sufficient to sustain the verdict of the jury; and (2) the trial court abused its discretion in refusing to grant appellant a new trial on the ground of newly discovered evidence.

■ Hollis Baldwin, a dairyman, discovered that three of his calves had been stolen from his farm. He made inquiry throughout the neighborhood concerning their disappearance. During his investigation he went to appellant's farm, where he saw two of his calves. Later, officials obtained a search warrant and searched appellant's premises. They then notified Baldwin to pick up his calves at appellant's farm. Baldwin went to appellant's farm and recovered his calves, after positively identifying them.

Appellant testified that she had bought the calves from James Sayne, who denied the allegation. When Baldwin went to reclaim his calves, he was told by appellant that she had raised the calves from birth. She denied any knowledge of the theft of the calves. There was evidence that on the night of the theft the appellant, Owen Brady, her codefendant, and Donald Parks had left appellant's farm in appellant's 1952 Pontiac late in the evening and had returned about two hours later. There was some evidence that the back seat of appellant's Pontiac was "messy" and that there was manure on the floor board of the car.

It is not necessary to detail all the evidence and the explanation given by appellant concerning the presence of the calves on her farm. Suffice it to say, the jury did not believe appellant's story.

The stolen calves were found in appellant's possession, which in itself is sufficient to create a jury issue concerning her guilt. Whether her explanation was believable was for the jury to determine. We are of the opinion that the evidence was adequate to sustain the verdict and that the issue was properly submitted to the jury. Fleming v. Commonwealth, Ky., 419 S.W.2d 754; Jones v. Commonwealth, Ky., 453 S.W.2d 564; Fible v. Commonwealth, Ky., 461 S.W.2d 553; Howe v. Commonwealth, Ky., 462 S.W.2d 935.

■ Appellant's second ground of appeal is that the refusal of the trial court to grant her motion for a new trial on the basis of newly discovered evidence constituted an abuse of discretion.

Appellant swore in her affidavit in support of her motion for a new trial that Owen Brady, Donald Parks, and Eugene

Logan stole the three calves and that she did not know until after the trial that they had stolen them. Brady and Parks swore in their affidavits that they and Logan had stolen the calves and hauled them away in Logan's station wagon and that appellant had nothing to do with the theft.

A request for a new trial should be granted where the newly discovered evidence is of such decisive value and of such force that it, with reasonable certainty, would change the verdict or be of such great import as to establish probability of a different result. Kinmon v. Commonwealth, Ky., 383 S.W.2d 338; Porter v. Commonwealth, Ky., 435 S.W.2d 756; Jillson v. Commonwealth, Ky., 461 S.W.2d 542; Doland v. Commonwealth, Ky., 468 S.W.2d 277. In the instant case the appellant's claim of newly discovered evidence does not rise to this level.

The trial court did not abuse its discretion in denying appellant a new trial.

The judgment is affirmed.

All concur.