**Edgar Allen WHITE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 26, 1972.

Rehearing Denied Oct. 6, 1972.

Thomas M. Place, Wilderman & Place, Prestonsburg, for appellant.

Ed W. Hancock, Atty. Gen., Robert W. Willmot, Jr., Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Justice.

Edgar Allen White was convicted in the Pike Circuit Court of voluntary manslaughter. The jury fixed his punishment at five years in the state penitentiary. He appeals. We affirm.

On February 26, 1970, Kenis Young died as a result of gunshot wounds inflicted by appellant White. The deceased was married to appellant's sister. Evidence at the trial established that appellant and the deceased had been business partners and had been on friendly terms. However, approximately a month prior to Young's death, the two men engaged in heated quarrels and broke up their partnership.

Appellant testified that on the afternoon of the incident the deceased came to a trailer where appellant was helping to load a winch on a pickup truck. The deceased appeared to be in an agitated condition and gave evidence of being very angry. The deceased began yelling, appellant testified, and attempted to assault him with his fists. Appellant backed away and went toward the trailer. Appellant stated that his wife was standing in the door holding a pistol. He took the gun. He was holding it in his hand when he saw the deceased suddenly move his hand toward his pants pocket. The appellant said he thought the deceased was "going for his gun." Appellant fired at the deceased six times, two of the bullets striking him. Appellant claimed self-defense. No gun of any kind was found on the body of the deceased.

Appellant filed a motion for a new trial, alleging newly discovered evidence. The motion was denied by the trial court. From that order appellant prosecutes this appeal.

■ In support of his motion for a new trial based on newly discovered evidence, appellant presented affidavits of four persons. Their statements were to the effect that they had heard the deceased threaten to kill the appellant. It was developed at the trial that the deceased had threatened on more than one occasion to kill the appellant. There was substantial evidence introduced to show the bad feeling between the parties. Had these four persons been present and testified at the trial, their evidence as to the threats would have been merely cumulative and would have added nothing new.

■ Appellant would have us believe that statements of two of the affiants that they did not see a cigarette near the body of the deceased were "new evidence" and of such importance as to warrant a new trial. We are not persuaded. The appellant stated that the deceased did not have a cigarette in his hand when he was shot. The Commonwealth contended to the contrary. The evidence supporting the Commonwealth's position was overwhelming. A police officer testified that he found a Kool cigarette under the deceased's hand. A photograph introduced into evidence so showed. Furthermore, there was evidence that the deceased smoked Kool cigarettes. Whether the deceased did or did not have a cigarette in his hand, when considered in the light of the total evidence, was not so dispositive of the innocence or guilt of the appellant that the "new evidence" would require the granting of a new trial.

■ A new trial should not be granted when the newly discovered evidence is cumulative in nature. Kinmon v. Commonwealth, Ky., 383 S.W.2d 338 (1964); Wheeler v. Commonwealth, Ky., 395 S.W.2d 569 (1965); Jillson v. Commonwealth, Ky., 461 S.W.2d 542 (1970); Yates v. Commonwealth, Ky., 472 S.W.2d 67 (1971); Archer v. Commonwealth, Ky., 473 S.W.2d 141 (1971).

The judgment is affirmed.

All concur.