Lander W. HOLLOWELL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 16, 1973.

electric chair. See opinion this day rendered, Ky., 492 S.W.2d 882, affirming the judgment of conviction of Galbreath.)

Williamson locked the door of his drugstore in Princeton preparing to cease business for the evening. Galbreath, who had remained in the store in a secluded place, approached Mrs. Williamson and demanded money at gunpoint. She gave him all that was in the cash register but Galbreath demanded more. When Williamson made a noise in another part of the store Galbreath went toward him. A scuffle ensued and Mrs. Williamson ran outside to summon help. She heard three gunshots fired inside the store. Three girls drove up and Mrs. Williamson got in their car to go to the police station. They drove around the store and upon coming back onto the original street saw Galbreath talking to a man in a red Camaro.

Within about an hour Galbreath and Hollowell were arrested while riding in a red Camaro belonging to Galbreath and being driven by Hollowell. Galbreath and Hollowell were placed in a police car and driven to the station. Another officer drove the Camaro to the police station. The officer driving the Camaro saw a revolver in or on an open suitcase in the back seat of the Camaro. Hollowell later told the officers he purchased the gun from a Big K store. Ballistics tests were performed and it was determined that the three bullets in the body of Williamson were fired from the revolver found in the red Camaro and purchased by Hollowell from Big K.

Hollowell testified that he had nothing to do with the crime nor any knowledge that it was to be committed. To bolster his defense he testified that about the time of the commission of the crime he went in a building a few blocks away to see about having his income tax return prepared and was told by a woman at the desk that he must be mistaken because no one in that building prepared tax returns.

William S. Greenwell, Marion, for appellant.

Ed W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, Albert W. Spenard, Commonwealth Atty., Madisonville, for appellee.

GARDNER, Commissioner.

Lander W. Hollowell, appellant, was convicted of aiding and abetting Harry C. Galbreath in the armed robbery of Eugene Williamson and sentenced to life imprisonment. (Galbreath was convicted as principal in the armed robbery and murder of Williamson and sentenced to death in the

■ Appellant complains that the overruling of his motion for a postponement of the trial was error. His attorney was appointed to represent him 44 days before the trial date. He listed several previous important engagements of his attorney. This list is impressive but we do not believe it demonstrates an abuse of discretion on the part of the trial court. See Stewart v. Commonwealth, Ky., 479 S.W.2d 23 (1972). Appellant further argues that if his attorney had had more time he could have located a key witness for the defense. It is not clear from his brief who the witness was but presumably it was Anna Seymore, a woman who was in the building a few blocks away from the drugstore who informed appellant that no one in that building prepared tax returns. The importance of this witness, it is argued, is that she would have substantiated appellant's statement that about the time the crime was being committed he was seeing about his tax return, which is not in keeping with the acts of a person who has participated in planning a robbery being committed a few blocks away at the same time.

■■ Appellant advances a kindred argument in support of his motion for a new trial on the ground of newly discovered evidence. Witness Anna Seymore would have testified, according to her affidavit, that some time between 3 p. m. and 7 p. m. on the day of the commission of the crime "* * * a black male entered the building and asked if this was the Internal Revenue Service. This person had some papers with him and apparently asked the question in sincerity". It is readily noted that the witness did not identify appellant as the one who came to the ASC building nor pinpoint the occurrence as being near the time of the commission of the crime. In order for newly discovered evidence to support a motion for a new trial, it must be of such decisive value or force that it would, with reasonable certainty, have changed the verdict or that it probably would change the result if a new trial be granted. Wheeler v. Commonwealth, Ky., 395 S.W.2d 569 (1965); Kinmon v. Commonwealth, Ky., 383 S.W.2d 338 (1964); Ferguson v. Commonwealth, Ky., 373 S.W.2d 729 (1964). We do not believe the proposed evidence even approaches this criterion.

■ Another assignment of error is the court's permitting the revolver to be introduced into evidence. Appellant contends that the gun was obtained by an illegal search and seizure. He insists that the search and seizure could not have been made as an incident to the arrest because the suspects had already been arrested and taken to the police station in another car. Officers Woolfolk, Turner and Ginn testified that they saw the revolver in the back seat of the red Camaro in or on an open overnight bag. We think the evidence brings the case within the "plain view" rule and the court correctly admitted the revolver into evidence. See Kuhl v. Commonwealth, Ky. (decided March 2, 1973); Caine v. Commonwealth, Ky., 491 S.W.2d 824 (decided February 16, 1973); Phillips v. Commonwealth, Ky., 473 S.W.2d 135 (1971); Harris v. Commonwealth, Ky., 469 S.W.2d 68 (1971). For an interesting discussion see Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

■■ It is lastly contended by appellant that the Commonwealth failed to prove guilt beyond a reasonable doubt. He relies on the maxim that if the evidence is as consistent with innocence as with guilt the conviction cannot be sustained, citing Wilkey v. Commonwealth, Ky., 452 S.W.2d 420 (1970). We believe the maxim should be utilized with caution. It is the totality of the evidence, including the testimony and inferences therefrom, the demeanor of the witnesses, and innumerable other factors that govern, rather than a mathemati-

cal equation. Whether appellant's presence in the vicinity was as consistent with his being there for the purpose of having his tax return prepared as for the purpose of assisting Galbreath must be determined from all the evidence. We think there was ample evidence to support the jury's belief beyond a reasonable doubt that his presence in the vicinity was not as consistent with innocence as with guilt. It is not within our prerogative therefore to say his presence was as consistent with innocence as with guilt.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.