Combs v. Commonwealth.

CASE 53—INDICTMENT—SEPTEMBER 22.

## Combs v. Commonwealth.

APPEAL FROM KNOTT CIRCUIT COURT.

HOUSE-BURNING.—Where one set fire to a school-house situated so that the fire was likely to communicate, and it did in fact communicate, to an adjoining dwelling house, he was guilty of burning the dwelling house.

J. L. DIXON AND W. P. BENTLEY FOR APPELLANT.

1. The indictment charges two separate and distinct offenses and the Commonwealth should have been required to elect.   (Gen. Stats., chap. 29, art. 7, secs. 1, 4.)

2. The indictment did not set forth the facts with sufficient certainty to apprise the defendant of the accusation against him or to constitute a bar to any subsequent prosecution for the same offense. (White v. Commonwealth, 9 Bush, 179.)

3. There was irregularity in the formation of the jury. (Gen. Stats., chap. 62, art. 5, sec. 4; Crim. Code, sec. 192.)

4. Defendant was entitled to a continuance.

5. Defendant's objection to the special judge upon the ground that he was not qualified because he did not live in the 19th judicial district should have been sustained.

W. J. HENDRICK, ATTORNEY-GENERAL, for appellee.

1. The absence of defendant's counsel did not afford any ground for a continuance as it does not appear that he had any legal excuse for his absence or that his presence was essential to defendant.

2. The mere statement in the bill of exceptions that the court failed to have a regular panel of twenty-four men, and failed to keep regular panel full until twelve men had been accepted by the parties, is not sufficient to bring the facts before this court, if such facts existed.

3. The instructions are in accordance with the law of the case. (2 Bishop on Crim. Law, sec. 16.)

4. The indictment states but one cause of action and the motion to elect was properly overruled.

JUDGE BENNETT delivered the opinion of the court.

The appellant and Ep Hicks were indicted in the Knott Circuit Court, charged with the crime of unlawfully, willfully, feloniously and maliciously burning the dwelling-house of D. O. Gibson, which dwelling was then occupied by said Gibson as a residence; that the said burning was effected by firing the public school-house in school district No. 1, the appellant and Hicks knowing at the time of the firing the school-house it was so near the said dwelling-house that it would be burned by the firing of the school-house.

Bishop, in second volume of his Criminal Law, section 16, says that "a man is presumed to intend the natural and probable consequences of his own voluntary act. If, therefore, one kindles a fire in a stack, situated so that it is likely to communicate, and communicates in fact, to an adjoining building, he is chargeable with burning the building. And for a still stronger reason, if he applies the torch to his own house, intending to burn his neighbor's also, and the neighbor's is burned, he commits this offense."

The indictment charges that the appellant and Hicks set fire to the school-house with the intention of burning

the dwelling-house, and the latter was burned. The proof clearly sustains the allegations of the indictment and the instructions conform to the rule *supra*. The judgment is affirmed.