## Caudill v. Commonwealth.

March 23, 1943.

James C. Clay for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Arvel Caudill, has been convicted of receiving stolen property of the value of more than $20 and sentenced to a term of one year and a day in the state penitentiary. The principal ground urged for re-

versal of the judgment is alleged error of the court in overruling appellant's motion for a directed verdict of acquittal.

It is argued that there was no evidence corroborating the two accomplices who testified. James Christian and Gus Ferguson, aged 15 and 16 years, respectively, testified that Christian entered the Morehead high school building in January, 1942, and stole a bronze plaque which was located in a hall in the building. Ferguson remained on the outside of the building and acted as a lookout. The two boys carried the plaque, which weighed 68 pounds, to a junk yard operated by a negro, Lee Story, who agreed to pay them $3. He paid 95c cash, and promised to pay the balance after he sold the plaque in Ashland, Kentucky. On the following day the boys sold the plaque to appellant, a dealer in junk and scrap metal, for $3. They returned to Lee Story the 95c he had advanced to them, and delivered the plaque in an alley to the appellant who loaded it in his truck. The transaction occurred after dark. They had seen appellant a few minutes earlier, had described the plaque to him, and he had agreed to purchase it for $3 and to meet them at the point where it was delivered. Christian testified that he told appellant the plaque had been stolen, and appellant said he would cut it and burn it to prevent identification. There was an inscription on the plaque containing the names of the members of the board of education serving at the time the building was erected, the name of the school superintendent at that time, the name of the contractor, and the date. A week or two after the transaction appellant took the plaque to Ashland and had it cut into several pieces in the plant of the Mansback Mill Company which possessed equipment for cutting metals to facilitate transportation. Appellant testified that he did not know the plaque was stolen, and that he had not at any time seen or read the inscription which identified it as property belonging to the Rowan county board of education. There was testimony for the Commonwealth to the effect that the plaque was worth between $75 and $100 at the time it was taken, while appellant testified that as scrap metal it was worth from $6 to $8. It is insisted that the testimony of Christian and Ferguson is not corroborated by other evidence as required by section 241 of the Criminal Code of Practice. Except under special circumstances, not present here, the thief and the receiver of the

stolen property are not accomplices. Duke v. Commonwealth, 255 Ky. 403, 74 S. W. (2d) 471; Cole v. Commonwealth, 246 Ky. 149, 54 S. W. (2d) 674. Furthermore section 1199 of Carroll's Kentucky Statutes, KRS 433.290, which defines the crime of knowingly receiving stolen goods, provides that possession by any person of any stolen property shall be prima facie evidence of his guilt. There is no escape from the conclusion that the evidence was sufficient to take the case to the jury and to sustain its verdict.

Appellant complains because the presiding judge interrogated the appellant while he was on the witness stand. The record shows that the judge asked the appellant eleven questions, all of them obviously intended to clarify his prior testimony. A presiding judge is not prohibited from interrogating a witness in a crimnal case provded he does not by the form of his question or his manner indicate to the jury his opinion as to the credibility of the witness being interrogated or the guilt or innocence of the accused. In the present case, however, we are not called upon to determine the probable effects of the questions or whether or not they were prejudicial, since no objection was made and no exception taken.

Counsel for appellant has filed a supplemental brief in which the instructions are assailed. It is argued that instruction No. 1 is erroneous because it authorized the conviction of a felony without regard to the value of the property received, and that the court erred in failing to give a misdemeanor instruction on the theory that the property received was of less value than $20. We are unable to follow the argument since the record discloses that instruction No. 1 given by the court told the jury that if it found the defendant guilty of knowingly receiving stolen property it should punish him as for a felony if the value of the property received was $20 or more, and instruction No. 2 told the jury that he should be punished only as for a misdemeanor if the value was under $20. Instruction No. 1 is the same, in substance, as the instruction found in Stanley on Instructions, Section 931.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.