## Burkhart v. Commonwealth.

March 10, 1950.

Robert Watson, Special Judge.

Astor Hogg for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

JUDGE REES—Reversing.

Appellant, Anderson Burkhart, was convicted of the crime of maliciously shooting at and wounding another with intent to kill, and sentenced to serve fifteen years in the penitentiary. On this appeal he argues but one ground for reversal of the judgment, to wit, the trial court's failure to instruct the jury upon his theory that the shooting was accidental and not intentional.

Appellant was accused of shooting his wife, Mary Burkhart, and he and his wife were the only eyewitnesses to the shooting which occurred in their home in a remote section of Harlan County. Mrs. Burkhart testified that she was 20 years of age, had been married to appellant three years, and that they had a child 18 months old. Appellant was drunk on the day before the shooting and attacked his wife, or as she expressed it: "He jumped on me the day before and tried to break my neck." In that encounter Mrs. Burkhart scratched her husband over the eye, and he said there would be more blood shed than that and that if it were not for the baby he would kill her. On the next day appellant, according to the witness, shot her with a 22-calibre pistol without provocation on her part. She picked up the baby and started out of the house when he shot her again, the bullet entering her back. Dr. Smith Howard, who treated Mrs. Burkhart when she was taken to the hospital, testified that she had been shot twice, once in the abdomen and once in the chest. When asked to stand up and point out to the jury the exact location of the wounds, he said:

"The abdomen bullet went in the right side and was in the upper abdomen, and again, she was shot behind the shoulder blade. You could feel the bullet underneath the collar bone near the mid-line. That bullet is still there."

He said that both bullets ranged upward. Dr. Howard's testimony is not entirely clear, but when it is read as a whole it appears that the bullet which entered the chest lodged behind the shoulder blade. This is important in view of appellant's defense. He testified that his wife picked up a 38-calibre pistol, placed it against his side, and threatened to shoot him. He twisted the pistol out of her hand and threw it aside. Later she picked up a 22-calibre pistol, pointed it at him, and was

in the act of pulling the trigger when appellant knocked it and it fired. Appellant did not testify that it fired twice, but he did say: "From that on I don't know exactly much what did happen. When I come to myself she was laid out." There was some proof that each of the parties had threatened to kill the other.

Failure to instruct on accidental killing in homicide and malicious shooting prosecutions is reversible error where there is evidence to establish such a theory. Richardson v. Commonwealth, 273 Ky. 321, 116 S. W. 2d 639; McCown v. Commonwealth, 250 Ky. 574, 63 S. W. 2d 601. Counsel for the Commonwealth concede that it is the duty of the court to instruct on the accused's theory of the case where there is any evidence to support such a theory, but they argue that appellant's explanation of the transaction is highly improbable and entirely unworthy of belief. The argument that appellant's explanation of the shooting is improbable is based on the fact that two shots were fired, but we are not prepared to say that such a happening is impossible in a struggle over a loaded pistol. The credibility of appellant as a witness and the probability of his explanation of the shooting were questions for the jury to determine, and we conclude that the court's failure to instruct on accidental shooting, his sole defense, is reversible error. There was no evidence authorizing an instruction on the reckless use of firearms.

The judgment is reversed with directions to grant appellant a new trial.