**Jessie BOWLING, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 13, 1955.

Isaac Turner, Hyden, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

The appellant, Jessie Bowling, was convicted in the Leslie Circuit Court of maliciously shooting at and wounding James Ray Baker with intent to kill. Bowling's sentence was fixed at two years in the penitentiary.

The appellant admits he shot Baker, but claims he did so in self-defense. The shooting occurred on or about the 15th day of March, 1954, near the schoolhouse at Shoal, Kentucky, and in front of the store operated by his father, Theo. Bowling. The appellant is hereinafter referred to as the defendant.

It appears from the evidence that some time before the shooting the defendant, Jessie Bowling, and the prosecuting witness, James Ray Baker, had engaged in a fight and Baker had "beat up" Bowling. This fight occurred either because Bowling had become drunk and used vulgar language in the presence of Baker's fifteen year old sister, as claimed by Baker, or because of Baker's jealousy over a red-headed woman, as claimed by Bowling. The important thing is that Baker had "beat up" the defendant Bowling. Both were drunk at the time.

The affray which ended with Bowling shooting Baker occurred about a week later when the two men met outside the store at Shoal. Baker, acting he says at the request of Bowling, had climbed into the cab of a "jeep truck" belonging to Bowling's father to help Bowling move the furniture of Letha West, a woman who

lived within "hollerin" distance of the store. Baker says Bowling had been inside the store and had come out when Baker stopped outside and that Bowling asked him to help move Letha. He agreed, and climbed into the truck. Defendant Bowling says Baker had hopped on the bed of the truck down the road, but had climbed into the cab of the truck when he and Boone Begley, who was driving the truck and helping with the moving, stopped at the store and got out. In any event, it appears from the evidence that Bowling got Baker by the coat collar and tried to pull him out of the cab, asking him to go home. The witnesses for the defendant Bowling say that Baker got out of the truck, picked up a rock half as big as a man's head, and backed Bowling into the store where Bowling grabbed a gun just inside the door and shot his assailant. Baker says he got out of the truck and started walking up the road trying to keep from having any trouble, when he heard a "click" behind his back, turned around, and there was Bowling with the gun. Baker exhibited his wounds to the jury. He had been shot in the back twice at a distance great enough for the shots to scatter from the calf of his leg up to his back. Letha West, a witness for the prosecution, who didn't see the shooting, testified when Bowling came back to her house to continue the moving he told her he had shot Baker and remarked that "he (Baker) won't beat up on nobody else."

The appellant urges five grounds for reversal which will be discussed below:

■ (1) It is first urged that the verdict is flagrantly against the law and the evidence. This argument is untenable. The rule is that where a defendant admits doing the act charged, as Bowling did, and attempts to justify it on the ground of self-defense, it is incumbent on the accused to convince the jury that he acted in self-defense. Marcum v. Com., 290 Ky. 337, 160 S.W.2d 660. The situation must be such as to cause him reasonably to believe that injury to himself can be prevented only by the immediate infliction of injury upon the other. 4 Am.Jur. Assault and Battery, Sec. 38. The jury obviously

believed in this case that there was no necessity for Bowling to shoot Baker in self-defense. They must have believed the evidence of the Commonwealth to the effect that Baker was shot twice in the back at some distance while attempting to run away. Satterfield v. Com., 288 Ky. 758, 157 S.W.2d 89; Newsome v. Com., 287 Ky. 447, 153 S.W.2d 949.

■ (2) The defendant claims that the trial court admitted incompetent evidence for the Commonwealth when the prosecuting witness, Baker, was asked to tell about the trouble between him and Bowling. Baker related the incident that caused him to beat up Bowling the first time and then told how Bowling had tried to pull him out of the truck on the day of the shooting. At no time during this narrative did counsel for defendant object until Baker concluded as follows: "I figured in my mind that they had me where they wanted me and I had better talk good or I would get in trouble." At this point counsel for defendant interposed an objection which the court sustained. The ruling being favorable to the defendant, he is in no position to complain.

■ (3) The third ground urged for reversal is that the trial court admitted the incompetent testimony of Lillie Valentine, an aunt of Baker's. Assuming her evidence for the Commonwealth to be incompetent, no objection was interposed and must, therefore, be considered waived.

■ (4) The defendant claims he was placed on trial in the absence of two of his eye-witnesses and he was not ready for trial. The record shows that counsel for the defendant was permitted to read Bowling's affidavit to the jury as to what he claims he could have proved by these absent witnesses had they been present. We do not believe the trial court abused its discretion in not granting a continuance in the circumstances.

■ (5) The fifth and last ground urged for reversal is that the court failed to instruct the jury on the defendant's claimed theory of accidental shooting.

Failure to instruct on accidental killing in a malicious shooting prosecution is reversible error only where there is evidence to establish such a theory. Burkhart v. Com., 312 Ky. 448, 227 S.W.2d 988. There is no evidence of accidental shooting in this case. Bowling says he shot Baker to "scare him; keep him off me." The shooting was plainly intentional.

The judgment is affirmed.