**Reed WEBB, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 20, 1958.

**GLO VALLEY COAL CORPORATION, Appellant,**

v.

**William HONSHELL et al., Appellee.**

Court of Appeals of Kentucky.

June 20, 1958.

Combs & Combs, Prestonsburg, for appellant.

Robert S. Wellman, Prestonsburg, for appellees.

544

Thomas D. Shumate, Shumate & Shumate, Richmond, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Reed Webb was indicted for the crime of murder of his father. He was found guilty of voluntary manslaughter and sentenced to serve fifteen years in the state penitentiary. On appeal, he urges that the trial court erred in permitting the prosecution to impeach its own witness and in refusing to permit appellant to ask certain questions of prospective jurors on voir dire examination.

The first question on appeal concerns the testimony of Bobby Webb, a witness for the Commonwealth and brother of the appellant and son of the deceased. This witness was asked on direct examination concerning various statements allegedly made by him immediately after the homicide to two law enforcement officers. The statements involved a material factual issue in the case. The witness gave replies to the effect that he did not know or remember. As illustrative of the answers, the following are quoted: "No, I don't know if I did * * * I don't know * * * I don't remember if I did * * * Not as I remember * * * Not as I remember I don't * * * No, sir, I don't remember." The prosecution made repeated efforts to get the witness to admit that he made the statements but each time received a similar reply to the effect that he did not remember.

Later, the prosecution introduced the two officers to whom the alleged statements were made, and, over objection, they were permitted to testify concerning the statements allegedly made by Bobby Webb. The evidence was permitted to be introduced on

**545**

the theory that the prosecution was impeaching a hostile witness. The jury was so admonished. Appellant contends that this evidence was improperly admitted and was prejudicial.

 The rule was early stated to be that where a witness merely fails to prove what is expected, the party cannot make substantive evidence by proving the previous statement of the witness. Walkup v. Commonwealth, 20 S.W. 221, 14 Ky.Law Rep. 337. The effect of the rule is to prohibit by the introduction of prior extra-judicial statements the impeachment of one's own witness whose testimony is of a negative nature and who fails to prove what was expected. Click v. Commonwealth, Ky., 269 S.W.2d 203. See also Champ v. Commonwealth, 2 Metc. 17, 59 Ky. 17, 74 Am.Dec. 388; Coleman v. Commonwealth, 241 Ky. 8, 43 S.W.2d 185; Maddox v. Commonwealth, 311 Ky. 685, 225 S.W.2d 107. The trial court erred in admitting the objectionable testimony.

Appellant's counsel sought to elicit the views of the prospective jurors on the subjects of patricide and self-defense. The trial court sustained objections. It was said in Lightfoot v. Commonwealth, 310 Ky. 151, 219 S.W.2d 984, 989, that "* * * litigant is entitled to make inquiry of jurors in respect to any matter which will throw light on the background of the juror in order that the litigant may the better exercise his discretion in respect to peremptory challenges * * *" or to discover the basis of a challenge for cause.

The examination of the prospective jurors is for the purpose of obtaining a fair and impartial jury whose minds are free and clear of all interest, bias, or prejudice that might prevent their finding a true and just verdict. A wide latitude is allowed counsel in examining jurors on their voir dire. The scope of inquiry is best governed by a wise and liberal discretion of the court. The exercise of the discretion does not constitute reversible error unless

clearly abused and when it appears that harmful prejudice has been caused thereby. 31 Am.Jur., Jury, Sections 138–140, pages 120–123. The refusal of the right to examine the jurors on their views concerning patricide and self-defense was error, but it is unnecessary to determine if it was prejudicial in this case.

Judgment reversed with direction to grant a new trial consistent herewith.