**Archel DAVIDSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

Francis Dale Burke, Pikeville, for appellant.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., for appellee.

WILLIAMS, Judge.

The appellant, Archel Davidson, was convicted in the Pike Circuit Court of knowingly receiving stolen goods and sentenced to one year at hard labor at La Grange State Reformatory.

The appeal is based on (1) statements made by Circuit Judge Lowe in the presence of the jury which the appellant contends so poisoned the mind of the jury against the appellant as to deprive him of any chance that the jury would weigh his defense fairly and objectively, and (2) the alleged error of the trial judge in allowing the Commonwealth's Attorney to read a written statement of witness Willie Rowe, in which Rowe stated that he gave a stolen shotgun to the defendant Davidson. The appellant contends that the combination of these two alleged errors deprived him of a fair trial and that his conviction should be reversed and the case remanded for a new trial.

The first alleged error developed when Commonwealth witness Rowe refused to an-

swer whether he had pawned stolen property to the appellant. His reason for refusal was not a legal one and no privilege was claimed. At that point Judge Lowe commented:

JUDGE LOWE:

"Young man is the reason you don't want to testify in this case today, are you afraid of Archel Davidson?

MR. BURKE (defense counsel):

"Object and move the court to set aside the swearing of the jury and continue the case.

JUDGE LOWE:

"Overruled.

WITNESS ROWE:

"No.

JUDGE LOWE:

"Did anyone make any threats toward you if you testified?

WITNESS ROWE:

"No.

JUDGE LOWE:

"You are refusing to do it under your own free will?

WITNESS ROWE:

"I am not answering the question."

JUDGE LOWE:

"Has anyone made any threats toward you if you testify in this case?

WITNESS ROWE:

"No, sir."

The appellant contends that this line of questioning by Judge Lowe gave the jury the impression that the judge believed the appellant had threatened witness Rowe, or at least that the judge considered the appellant the type of person who would intimidate a witness. Appellee contends that the judge's questions were an exercise of his reasonable discretion, not prejudicial to appellant and not constituting reversible error.

Appellant also contends that the trial judge's threat to hold witness Rowe in contempt if he did not testify gave the jury the impression that the judge felt Rowe's testimony would benefit the Commonwealth, and coupled with the judge's questions to Rowe prejudiced the jury against the defendant and constituted reversible error.

■ The trial judge's discretion to question a witness in a criminal case is not arbitrary and uncontrolled, but judicial, to be used carefully in conformity with the standards governing his judicial office. He may properly ask questions of a witness in order to expedite the orderly procedures of the trial. Kelly v. Commonwealth, Ky., 260 S.W.2d 953, 955 (1933). But, in asking such questions in the presence of the jury while the issues still hang in the balance, he should not allow his personal opinions to "leak into the crucible." Merritt v. Commonwealth, Ky., 386 S.W.2d 727 (1965). The trial judge's observations and comments usually carry such weight with the jury that they must be subject to safeguards against abuse.

■ The statement by the trial judge came at a time when it was very likely to be prejudicial. The defendant had admitted possession of the stolen property and was faced with the practical necessity of proving his lack of guilty knowledge to the satisfaction of the jury. His good faith was the major question before the jury. The opinion of the trial judge, as expressed by his question to witness Rowe, that the defendant was possibly the type of person who would intimidate a witness could very likely have been decisive of the issue.

■ The second alleged error occurred when the Commonwealth's Attorney read part of a written statement during the testi-

mony of the troublesome witness, Rowe. The testimony was as follows:

"Q. 19. Did you read this statement?

"A. Yes.

"Q. 20. Is that the statement you made?

"A. I am not answering the question.

"Q. 21. You neither affirm nor deny that you made this statement?

"A. I am not answering the question.

"Q. 22. I will ask you specifically then, if when this statement was taken about the shotgun, whether or not you were asked, 'What did you do with it' * * *

MR. BURKE (defense counsel)

"Object.

JUDGE LOWE:

"Overruled.

MR. BURKE:

"Except.

MR. RUNYON: (continuing)

" * * * what did you do with it after you got up there? Answer: 'Gave it to Archel Davidson.' Were you asked that question and did you make that answer?

"A. I am not answering the question.

MR. BURKE: "Move to set aside the swearing of the jury and continue this case.

JUDGE LOWE: "Overruled."

Appellant contends that the reading of this question and answer statement was an improper attempt to impeach witness Rowe, and that it deprived appellant of the right to meet the witness against him face to face. The appellee's contention was that the reading of the statement was a proper but unsuccessful attempt to refresh the memory of a recalcitrant witness, but even if not proper the error was not serious enough to merit reversal.

We decided this question in McQueen v. Commonwealth, Ky., 393 S.W.2d 787, where a similar interrogation was held to be prejudicially erroneous. Therein we said:

"As early as Champ v. Commonwealth, 59 Ky. (2 Metc.) 17, 74 Am. Dec. 388, this court recognized the rule that a party may impeach its own witness, by proof of contradictory statements, only where the witness testifies positively to the existence of a fact prejudicial to the party, and not where the witness merely fails or refuses to testify as to the existence of a fact that would be favorable to the party. See Click v. Commonwealth, Ky., 269 S.W. 2d 203, 205, and cases there cited. The rule has been followed consistently. Cf. Webb v. Commonwealth, Ky., 314 S.W. 2d 543. * * *"

Each of the above discussed errors was prejudicial.

The judgment is reversed and the case is remanded for a new trial.