**Mahan HOLLIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 4, 1972.

Rehearing Denied June 30, 1972.

Ray C. Lewis, London, for appellant.

John B. Breckinridge, Atty. Gen., Douglas Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

The appellant was convicted of the offenses of (1) carrying concealed a deadly weapon, for which he was sentenced to confinement in the penitentiary for a period of four years (KRS 435.230); and (2) operating a motor vehicle on a highway while under the influence of intoxicating liquor, for which his punishment was fixed at a fine of $500 (KRS 189.520).

On this appeal the appellant claims that certain questions asked him by the trial court in the presence of the jury were prejudicial, placing undue emphasis on the serious nature of the charges and the maximum punishment permissible.

The parties, by their counsel, agreed prior to the selection of a jury that the appellant would change a prior plea of not guilty to guilty to the charges of carrying concealed a deadly weapon and operating a motor vehicle upon a public highway while under the influence of intoxicating liquor; after the selection and swearing of the jury the Commonwealth's attorney would read the indictment; no statements would be made or evidence introduced by either

party, the case being submitted by the court after instructions were given.

A jury was duly selected and sworn. The Commonwealth's attorney read the indictment. The court then asked counsel for appellant if he wanted to withdraw a prior plea of not guilty and enter a plea of guilty, and appellant then offered to plead guilty.

Upon appellant's offer to plead guilty, the court asked him a number of questions to determine whether the guilty plea was knowingly and intelligently made. All of these questions were asked in the presence of the jury that had been selected and sworn to try the case. During the time appellant was being questioned by the court, no objection was made as to the procedure the court was following.

It is now contended that the questions asked by the court within the hearing of the jury were prejudicial and gave undue emphasis to certain aspects of the case to the detriment of appellant's rights. We cannot review the errors alleged here, because no objection was made.

See *Caudill v. Commonwealth*, 293 Ky. 674, 170 S.W.2d 9 (1943), in which it is stated:

"* * * In the present case, however, we are not called upon to determine the probable effects of the questions or whether or not they are prejudicial, since no objection was made and no exception taken."

*Ferguson v. Commonwealth*, Ky., 373 S.W.2d 729 (1963), states in part:

"It was further contended that the jury was permitted to consider incompetent and prejudicial testimony. We cannot review this alleged error because no objection was timely made and therefore it must be considered waived. *Bowling v. Commonwealth*, Ky., 279 S.W.2d 238; see also RCr 9.22."

The judgment is affirmed.

All concur.